IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLDEN ROOFING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. H-06-3406 |
| | § | |
| ALL STATES ROOFING, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER STAYING CASE</u>**

Presently pending before the court is Defendants' Motion for Stay of Discovery (Docket Entry No. 34) and the response filed thereto. The court has heard oral argument on this motion and, for the reasons stated below, the motion is **GRANTED**.

Plaintiff filed this action alleging, among other things, violations of the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., and the Lanham Act, 15 U.S.C. § 1051, et seq., arising out Defendants' alleged conspiracy to deprive Plaintiff of its property and proceeds from its business.

Defendants Shepard, Commander, David and Andy Dumas, and Zepeda were indicted in Fort Bend County, Texas, for conspiracy to commit theft or misapplication of fiduciary property belonging to Plaintiff. The indictments also allege that each defendant exercised control over Plaintiff's business proceeds. Defendants Reiger, Yates and Stafford were not indicted but were named as co-conspirators in all five indictments.

Defendants move for a temporary stay of this case pending resolution of the criminal cases on the grounds that on-going discovery in this action interferes with their Fifth Amendment right to remain silent with respect to the criminal accusations.

A district court may stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require. United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970). In considering a motion to stay in such a circumstance, the court may consider: (1) the extent to which the issues in the criminal case overlap with those to be decided in the civil case; (2) the status of the case, including whether there has been an indictment; (3) the interests of the plaintiff in proceeding expeditiously weighed against the prejudice of to plaintiff caused by the delay; (4) the interests of the defendants; (5) the interest of the courts; and (6) the public interest. Librado v. M.S. Carriers, Inc., 2002 WL 31495988, at *1 (N.D. Tex. Nov. 5, 2002)(citations omitted).

Turning to the first and second factors, it is undisputed that the indictments and the present civil action arise out of the same events. The defendants who do not have criminal charges pending against them are named as unindicted co-conspirators in the indictments, raising the possibility that they may also wish to assert a Fifth Amendment privilege to aspects of their testimony. If depositions were permitted, a significant portion of the

questioning of the eight individual defendants would likely result in the assertion of the Fifth Amendment. These factors weigh heavily in favor of a stay.

While Plaintiff is entitled to a speedy resolution of its case, it has presented no evidence that suggests it will be prejudiced by a stay pending resolution of the criminal cases. On the other hand, if the case were to go forward, it would present a significant burden on the defense to proceed without the testimony of the defendants.

A stay also would be in the interests of judicial economy. If the case is stayed, the court would not have to make question-by-question rulings on the validity of an assertion of the Fifth Amendment by at least the eight named defendants and any other persons who may have been involved in their activities.

Finally, the public's interest in an accused's ability to assert a Fifth Amendment privilege outweighs the public's interest in a civil litigant's expeditious resolution of its case. This factor weighs in favor of a stay.

In light of the foregoing, the proceedings in this case are stayed until further order of this court. The third-party bank subpoenas issued before today will be enforced; no other discovery may be had without court order.

SIGNED this 18th day of April, 2007, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge