IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOLDEN ROOFING, INC., § <br> § <br> Plaintiff, § <br> § <br> vs. §   Civil Action No. H-06-3406 <br> § <br> ALL STATES ROOFING, INC., § <br> et al., § <br> § <br> Defendants. § | |

### ORDER

Presently pending before the court is Defendants David Dumas, Andrew Dumas, John Reiger, Edward Zepeda, Jr., Joe Rangel and Jeremy Sheppard's Motion for Leave to File Third Party Petition and Counterclaim (Docket Entry No. 73) and Defendants Reuben Stafford and John Yates's Motion for Leave to File Third Party Petition and Counterclaim (Docket Entry No. 75).  Although Plaintiff does not oppose the motions, the motions are, nonetheless, **GRANTED IN PART**, **DENIED IN PART** for the following reason.

On October 27, 2006, Plaintiff filed this action alleging, among other things, violations of the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., and the Lanham Act, 15 U.S.C. § 1051, et seq., arising out Defendants' alleged conspiracy to deprive Plaintiff of its property and proceeds from its business.

Defendants Shepard, Commander, David and Andrew Dumas, and Zepeda were indicted in Fort Bend County, Texas, for conspiracy to

commit theft or misapplication of fiduciary property belonging to Plaintiff. The indictments also alleged that each defendant exercised control over Plaintiff's business proceeds. Defendants Reiger, Yates and Stafford were not indicted but were named as co-conspirators in all five indictments. This action was stayed pending disposition of those criminal charges. On November 2, 2007, all criminal charges against Shepard, Commander, David and Andrew Dumas, and Zepeda were dismissed by the state.

In the present motion for leave to amend, Defendants seek leave to add a counterclaim against Plaintiff Holden Roofing, Inc., for violation of their civil rights pursuant to 42 U.S.C. § 1983 and for malicious prosecution, interference with prospective business relations and civil conspiracy pursuant to state law. In addition, Defendants also seek leave to add as third-party defendants Fort Bend County, Michael William Elliott, an assistant district attorney for Fort Bend County, Brent Marshall Holden, the principal of Plaintiff Holden Roofing, Inc., and Judith Mullins, the office manager of Plaintiff, alleging the same causes of action proposed against Plaintiff.

Although Defendants' motions for leave to amend and to add new parties are within the time limits specified in the Scheduling Order, leave to amend is not automatic. <u>Little v. Liquid Air Corp.</u>, 952 F.2d 841, 845-46 (5th Cir. 1992). Of the proposed amendments, only the state law claims have any relation to the

subject matter of the pending suit. To add a governmental entity and an assistant district attorney, with concomitant issues of immunity, respondeat superior liability, and county liability would stop this case in its tracks. Additionally, the counterclaim against Holden Roofing, Brent Marshall Holden and Judith Mullins for violation of 42 U.S.C. § 1983 is not viable as Defendants have failed to allege what individual action each took under color of state law or sufficient facts of a conspiracy. There is no respondeat superior liability under Section 1983. <u>Stewart v. Murphy</u>, 174 F.3d 530, 536 (5th Cir. 1999).

The court grants Defendants leave to amend the present lawsuit against Holden Roofing, Inc., to add the proposed state law claims. The court also grants leave to add Brent Marshall Holden and Judith Mullins as parties to this suit on existing claims as well as the proposed state law claims. Claims against Fort Bend County and one of its assistant district attorneys pursuant to 42 U.S.C. § 1983 must be filed in another suit.

**SIGNED** this 2nd day of April, 2008, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge